UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-62507-CIV-GAYLES

**ROBERT POLLARI,**

    **Plaintiff,**

**v.**

**JOHN B. BOWMAN, et al.,**

    **Defendants.**

_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of Plaintiff's Amended Complaint, titled "Claim for Deprivation of Constitutional, Civil and Unalienable Rights Violations Under Color of Law" [ECF No. 5]. In December 2017, the Court determined that Plaintiff's initial pleading, titled "Claim Upon Constitutional Due Process Violation" [ECF No. 1], failed to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, but dismissed the action without prejudice, offering Plaintiff an opportunity to amend his pleading. Plaintiff's Amended Complaint makes clear that his claims are entirely premised on state court proceedings, and are thus barred by the *Rooker–Feldman* doctrine. Therefore, the Amended Complaint is dismissed with prejudice and the action will remain closed.

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). The doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state

1

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme Court's] appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Id.* at 291. The doctrine bars litigating claims "inextricably intertwined" with the state court's judgment. *See Feldman*, 460 U.S. at 482 n.16. A claim is "inextricably intertwined" if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)); *see also Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam).

In the Amended Complaint, Plaintiff names as defendants Judge John B. Bowman and Chief Judge Peter Weinstein of the 17th Judicial Circuit in and for Broward County, Florida. Plaintiff alleges wrongdoing by the state court judges in a suit he brought against JPMorgan Chase in that court. Under *Rooker–Feldman*, this Court lacks jurisdiction to review the state court's conduct of the litigation. Plaintiff's recourse is instead to appeal the state court's orders to a state appellate court.

Therefore, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED WITH PREJUDICE** and will remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of January, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE